IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BENJAMIN JAY BARBER**,

               Plaintiff,                               No. 3:22-cv-00135-MO

     v.

                                         AMENDED OPINION AND ORDER

**EVGA CORPORATION**,

               Defendant.

**MOSMAN, J.,**

       Plaintiff Benjamin Jay Barber brings this action against EVGA Corporation. Mr. Barber has applied to proceed in forma pauperis ("IFP"). I GRANT his Application for Leave to Proceed IFP [ECF 1]. However, I DISMISS his Complaint [ECF 2] without prejudice. I also DENY his application for CM/ECF Registration as a Self-Represented Party [ECF 4].

## DISCUSSION

       I must dismiss a complaint filed IFP before service of process if I determine it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

1 – OPINION AND ORDER

U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A "complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts must construe pro se pleadings liberally and give plaintiff the benefit of the doubt. *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

The Court lacks jurisdiction over Mr. Barber's lawsuit under 28 U.S.C. § 1332. For the Court to have jurisdiction in a diversity case the amount in controversy must "exceed[] the sum of value of $75,000." 28 U.S.C. § 1332(a). Here, Mr. Barber alleges only $1,613 in damages. Compl. [ECF 2] at 4. Therefore, I dismiss Mr. Barber's complaint without prejudice. *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (noting that dismissals for lack of subject-matter jurisdiction must be without prejudice).

**CONCLUSION**

I GRANT the Application for Leave to Proceed IFP [ECF 1], and for the reasons discussed above, I DISMISS the Complaint [ECF 2] without prejudice. I also DENY his application for CM/ECF Registration as a Self-Represented Party [ECF 4].

IT IS SO ORDERED.

DATED this _22_ day of November, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge